UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ELIZABETH D. H.,[1]<br><br>                Plaintiff,<br><br>   vs.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>             Defendant. | CIV. 15-5069-JLV<br><br>ORDER |

The court entered an order reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff Elizabeth H.'s application for benefits and remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 19). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Elizabeth H., timely moved for an award of attorney's fees and expenses. (Docket 22). The motion seeks an award of $9,606.25 in attorney's fees, court costs of $400 and expenses of $624.41 in state and local sales tax. Id. at p. 1. Although Ms. Ratliff listed 62.31 hours on her log, she recognizes that number is large and seeks compensation for 53 hours. (Dockets 23-1 at p. 2 & 23-2 at p. 4). The Commissioner does not

---

[1]The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

object to an award of EAJA fees, but objects to the number of hours for which Ms. Ratliff seeks compensation. (Docket 24). For the reasons stated below, the court grants in part and denies in part plaintiff's motion.

## ANALYSIS

Ms. Ratliff asks the court to set the hourly rate at $181.25, after factoring in the cost of living adjustment permitted by the EAJA. (Docket 23-1 ¶¶ 3 & 5). The Commissioner does not object to the hourly rate requested. (Docket 24). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $181.25 is reasonable considering the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to 41 hours. (Docket 24 at p. 1). The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 20 to 40. Id. at p. 2 (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)). The Commissioner contends "this case had three hearings (due to plaintiff moving from one state to another), and some hearings involved medical issues. However, some of the time Ms. Ratliff spent on this case was duplicative or furthered her practice of drafting the

Joint Statement of Material Facts ('JSMF') with details of questionable relevance or materiality."   Id. at p. 2.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."   28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Ratliff representing Elizabeth H. were "reasonably expended."   See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A).   The administrative record in Elizabeth H.'s case was 554 pages in length,[2] which the court finds is an average size.

After reviewing Ms. Ratliff's time log (Docket 23-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

Due to the manner in which Ms. Ratliff recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: (1) time spent with the client or performing administrative functions and preparing the summons and complaint; (2) time spent preparing the joint statement of material facts ("JSMF"); (3) preparing plaintiff's motion and supporting memorandum to reverse the decision of the Commissioner; and (4) time spent preparing the motion for attorney's fees under the EAJA.

Under the first category of time, the court finds some reductions are proper.   The Commissioner argues .75 hours of the 2.23 hours Ms. Ratliff

_____

[2]See Docket 24 at p. 4.

billed for work prior to filing the complaint is not compensable under the EAJA. (Docket 24 at p. 8). The 0.5 hours spent developing an *in forma pauperis* application and preparing to file the summons and complaint in federal district court are compensable under EAJA. The only other entry in this category relating to the drafting of pleadings is entry 8 for .16 hours. (Docket 23-2 at p. 1). The court finds the remaining 1.57 hours in this category must be removed from EAJA consideration. <u>See</u> <u>Dillon v. Berryhill</u>, Civ. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017).

Turning to the second category of time, Ms. Ratliff spent 23.13 hours preparing the JSMF in plaintiff's case. (Docket 23-2 at pp. 1-3). This court requires attorneys in social security cases to submit a highly detailed JSMF. (Docket 11 at pp. 1-2). In this case, the administrative record was 554 pages in length and involved a variety of complex medical issues. Due to the lengthy and intricate administrative record, the JSMF was substantial, totaling 49 pages. (Docket 12). Ms. Ratliff's time log, however, shows several entries which seem to be for repetitive work in reviewing the administrative record and drafting the JSMF. (Docket 23-2 at pp. 1-3).

Ms. Ratliff contends a significant portion of her time in this category was spent working with the Commissioner's attorneys to structure the JSMF in a format acceptable to the Commissioner. (Docket 25 at p. 1). The Commissioner asserts Ms. Ratliff spent a great portion of her time including information in the JSMF which was not argued in plaintiff's brief. (Docket

24 at 6-7).   The Commissioner contends entry 35 for .25 hours represents a

clerical task which is not compensable under the EAJA.   (Docket 8 at p. 8)

(referencing Skolnekovich v. Astrue, No. 11–5128, 2013 WL 501136, at *2

(W.D. Ark. Feb 11, 2013)).

The court expects the JSMF to be developed based on the record and be

structured to solely support the positions asserted by the parties.   Due to the

level of detail the court requires of attorneys when submitting the JSMF, and

the size of the administrative record, the court finds Ms. Ratliff reasonably

expended 20 hours preparing the JSMF in the case.   See Stickler, 2017 WL

4792220, at *2.

As for the third category of time, Ms. Ratliff spent 21.25 hours preparing

plaintiff's motion and accompanying brief to reverse the decision denying her

benefits.   (Docket 23-2 at pp. 3-4).   The Commissioner argues three hours for

writing the procedural history and statement of facts and an additional three

hours to "[b]oil statements of fact" is excessive and unwarranted.   (Docket 24

at p. 7) (referencing Docket 23-2 at p. 3).   The Commissioner contends "it was

not reasonable for an experienced attorney like Ms. Ratliff to spend 6 more

hours on the factual summary for her main brief."   Id. at p. 8.   The

Commissioner objects to Ms. Ratliff spending time on "Social Security Ruling

16-3p, 2016 WL 1119029, which would not be effective until a year and a half

after September 30, 2014 [the date of the ALJ decision; see administrative record

at p. 30]."   (Docket 24 at p. 9).   The Commissioner asks the court to deduct one

hour for this activity.   Id.   In the reply brief Ms. Ratliff argues while SSR 16-3p was included in plaintiff's opening brief, the Commissioner's responsive brief did not object to the court's consideration of the ruling in judging credibility.   (Docket 25 at pp. 3-4).

The court finds the hours claimed by Ms. Ratliff are excessive for preparing the initial motion and memorandum after 23.13 hours were already spent preparing the JSMF.   The court does not find it necessary to reassert the facts from the administrative record (as stated in the JSMF) in plaintiff's brief. Because of the nature of the plaintiff's challenges to the Commissioner's decision, the court finds 15.25 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts and complexity of Elizabeth H.'s case.   See Stickler, 2017 WL 4792220, at *3.

Ms. Ratliff seeks attorney's fees for the 9.5 hours expended in reviewing the Commissioner's responsive brief and preparing plaintiff's reply brief. (Docket 23-2 at 4).   The Commissioner asserted no argument in opposition to Ms. Ratliff's request.   (Docket 24).   The court finds 6.5 hours is a more appropriate amount of time given the facts and complexity of this case.   See Stickler, 2017 WL 4792220, at *3.

The final category of time is the 1.5 hours Ms. Ratliff spent preparing the motion for attorney's fees.   (Docket 23-2 at p. 4).   The Supreme Court held that attorney's fees under the EAJA may be awarded for the time spent

applying for the EAJA fee award. <u>Commissioner, Immigration &</u>

<u>Naturalization Service v. Jean</u>, 496 U.S. 154, 162 (1990). Ms. Ratliff is

entitled to recover for the 1.5 hours requested. <u>See</u> <u>Dillon</u>, 2017 WL 4792226,

at *3.

The court finds a total of 43.91 hours were reasonably expended by Ms.

Ratliff and in line with the complexity of this case, for a total attorney's fee

award of $7,958.69. No objection was made to the $400 for court filing costs

to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and

2412(a)(1).

Ms. Ratliff filed a supplemental motion associated with the EAJA motion.

(Docket 26). In the supplemental motion, Ms. Ratliff produced Elizabeth H.'s

signed agreement assigning the balance due under the EAJA to Ms. Ratliff,

after "any debts [Elizabeth H.] may owe to the government." (Docket 27-1).

Ms. Ratliff asks that this assignment be honored and the balance of the EAJA

award be "paid by direct deposit to attorney's bank account" which is on file

with the SSA. (Docket 26). The Commissioner does not oppose this "request

as long as it does not implicate any amount owing to the Treasury Department

by Plaintiff to offset debts Plaintiff owes to the Treasury Department." (Docket

28).

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 22) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff is awarded $8,476 comprised of $7,958.69 in attorney's fees and $517.31 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).[3]

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B).

---

[3]On November 16, 2015, the court authorized Elizabeth H. to proceed on an *in forma pauperis* basis. (Docket 5). The court further ordered that "[a]ny recovery in this action by [Elizabeth H.] shall be subject to the payment of costs and fees, including the $400 filing fee." <u>Id.</u> at 1.

IT IS FURTHER ORDERED that pursuant to the assignment executed by Elizabeth H. (Docket 27-1), the Equal Access to Justice Act fees shall be paid to plaintiff's attorney Catherine Ratliff, Ratliff Law Office, 2006 S. Dorothy Circle, Sioux Falls, South Dakota 57106, by direct deposit to her bank account on file with the Social Security Administration.

IT IS FURTHER ORDERED that plaintiff's motion (Docket 26) is denied as moot.

Dated December 10, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE